IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA M. RODKEY and RANDY A. RODKEY, her husband, | : : | No. 3:16cv454 |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | : : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition are Defendant Progressive Direct Insurance Company's (hereinafter "defendant") two motions in limine (Doc. 13 and Doc. 14) filed in advance of the pretrial conference. For the following reasons, the court will deny both motions.

**Background**

This case arises from an automobile/pedestrian hit and run accident. On December 20, 2011, Plaintiff Angela M. Rodkey (hereinafter "plaintiff") stood at the open left rear door of her Toyota Prius in the Shavertown Shopping Center in Shavertown, Pennsylvania to remove her son from the backseat. While doing so, an unidentified driver in a red car struck her from behind and drove away.

At the time of the accident, the defendant insured plaintiff and her husband (hereinafter "plaintiffs"). Under plaintiffs' insurance policy, plaintiffs paid premiums for stacked uninsured motor benefits in the amount of $100,000 per vehicle for two vehicles, or a total amount of $200,000. Plaintiffs requested their uninsured motorist policy limits, $200,000, to compensate their injuries. The defendant, however, denied plaintiffs' claim.

As a result, plaintiffs filed a two-count complaint on March 7, 2016, in the Luzerne County Court of Common Pleas alleging breach of contract and loss of consortium. On March 15, 2016, the defendant filed a notice of removal to this court.

On November 22, 2016, the defendant filed two motions in limine to preclude evidence of certain insurance information and medical bills. The matter has been fully briefed and is now ripe for review.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiffs are citizens of Delaware and the defendant is an Ohio corporation. (Doc. 1, Notice of Removal ¶¶ 1, 15). Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

A pretrial conference has been scheduled, and in accordance with the court's rule, the defendant filed two motions in limine regarding the admissibility of evidence. We will address each of the defendant's motions in limine in turn.

**A. Defendant's Motion in Limine to Preclude Insurance Information**

In its first motion in limine, the defendant seeks to preclude: (1) evidence of insurance policy premiums paid by plaintiffs; and (2) evidence of the uninsured motorist benefits available under the policy. Defendant first argues that this evidence is not relevant under Federal Rules of Evidence of 401 and 402. Alternatively, it argues that this evidence is prejudicial under Federal Rule of Evidence 403. We address each argument *in seriatim*.

**1. Relevance**

Defendant first argues that the insurance information it seeks to preclude from trial is not relevant. At the time of trial, it intends to admit: (1) the subject policy was in effect at the time of the accident; (2) plaintiffs were insured under the policy; and (3) the policy provides uninsured motorist coverage. (Doc. 13, Def.'s Mot. in Limine, ¶ 12). Defendant contends that the only issue the jury must consider is the amount of uninsured motorist coverage plaintiffs are entitled, and therefore, the amount of premiums plaintiffs paid and the amount of uninsured motorist benefits available under the policy are not relevant. We disagree.

Relevant evidence is generally admissible at trial. FED. R. EVID. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Irrelevant evidence, however, is not admissible. FED. R. EVID. 402.

Here, we find that the evidence at issue is relevant. Count I of plaintiff's complaint alleges a breach of contract action. "[T]hree elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." Meyer, Darragh, Buckler, Bebenek &

Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016) (citing J.F. Walker Co., Inc. v. Excalibur Oil Grp. Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

With respect to the first element, the essential terms of the insurance contract at issue include the premium that plaintiffs paid to receive coverage and the extent of that coverage.  The defendant claims that it will admit at trial that the insurance policy was in effect at the time of the accident, the plaintiffs were insured under the policy, and the policy provides uninsured motorist coverage.  Thus, these admissions will satisfy the first element of a breach of contract claim, "the existence of a contract, including its essential terms."  Id.

Based on its admissions, the defendant attempts to narrow the issue of the case to merely the third element of a breach of contract claim, "resultant damages." Id.  Before the jury can determine damages, however, it must determine the second element of a breach of contract claim, "a breach of the contract." Id.  The jury cannot be expected to do so to the best of its ability without knowing the essential terms of the contract at issue, including the consideration exchanged.[1]  Here, the contract's

---

[1]  An enforceable contract requires an offer, acceptance, and exchange of consideration. Step Plan Servs., Inc. v. Koresko, 12 A.3d 401, 409 (Pa. Super. Ct. 2010).  "Consideration consists of a benefit to the promisor or a

essential terms and the consideration exchanged include the premiums paid and the coverage plaintiffs bargained for by paying those premiums. Just as in any other breach of contract action, these terms and the consideration exchanged are relevant. This case is not different simply because it is an action upon an insurance contract.[2]

### 2. Confusion/Prejudice

Defendant next argues that, even if the insurance information at issue is relevant, it must still be precluded from trial because it is confusing and unfairly prejudicial. We disagree.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Initially, the defendant argues that the amount of premiums plaintiffs paid and the monetary limits of their insurance policy must be precluded on the basis of confusion. According to the defendant, if plaintiffs present this

---

detriment to the promise." Co. Image Knitware, Ltd. v. Mothers Work, Inc., 909 A.2d 324, 330 (Pa. Super. Ct. 2006) (citation omitted), appeal denied, 929 A.2d 645 (Pa. 2007).

[2] Indeed, the defendant admits that "Ms. Rodkey as a Plaintiff has to prove her uninsured motorist case just like another Plaintiff." (Doc. 13-1, Def. Br. at 2).

information, the jury may be confused and believe they need to award a certain amount of damages to plaintiff for her injuries.  Additionally, the defendant argues that such confusion amounts to unfair prejudice because the jury may be influenced to award the uninsured motorist policy limits instead of actual damages associated with plaintiff's medical bills and harm.

Here, we find that the evidence at issue is neither confusing nor unfairly prejudicial.  To the contrary, and as we explained above, the amount of premiums plaintiffs paid and the amount of uninsured motorist benefits available should assist the jury in understanding and evaluating all elements of this breach of contract case.  Furthermore, the defendant cites no binding authority, and our research has uncovered none, to support its assertion that the amount of premiums plaintiffs paid and the amount of uninsured motorist benefits available are confusing or unfairly prejudicial.

In the instant matter, plaintiffs and the defendant negotiated an arm's length contract for uninsured motorist coverage.  Plaintiffs agreed to pay, and did pay, a specific premium amount.  The defendant accepted this premium payment and, in return, provided a specific dollar amount of coverage.  Thus, the defendant's acts of accepting plaintiffs' premium payments and providing uninsured motorist coverage are not unfairly

prejudicial; rather, these acts arise from the defendant's own business practices.

Moreover, any potential confusion or prejudice will be eliminated by proper jury instructions and the arguments of counsel regarding plaintiffs' damages.  As such, the court will deny the defendant's motion in limine on this issue.

### B. Defendant's Motion in Limine to Preclude Medical Bills

In its second motion in limine, the defendant seeks to preclude evidence of plaintiff's unpaid excess medical bills.  Specifically, the defendant contends that the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL") precludes "double collection" of insurance benefits in certain instances, and that because plaintiff's medical expenses have or could have been satisfied by private health insurance, no basis exists for plaintiffs to introduce evidence of those expenses.  Plaintiff avers that these expenses were either paid out of her own pocket or remain unpaid, and therefore, the MVFRL's "double collection" provision does not apply.  After a careful review, we agree with plaintiff.

Pennsylvania case law allows a plaintiff to recover the reasonable value of medical services resulting from a tortfeasor's wrongdoing. Armstrong v. Antique Auto. Club of Am., 670 F. Supp. 387, 393-94 (M.D.

Pa. 2009) (citing Moorhead v. Crozer Chester Med. Ctr., 638 A.2d 980, 983 (Pa. 2001); Kashner v. Geisinger Clinic, 638 A.2d 980, 983 (Pa. Super. Ct. 1994)). "Under Pennsylvania law, the 'collateral source' doctrine permits a tort victim to recover more than once for the same injury provided these recoveries come from different sources." Smith v. United States, 587 F.2d 1013, 1015 (3d Cir. 1978). Thus, under the collateral source doctrine, "the plaintiff is not precluded from recovering the reasonable and necessary medical expenses caused by the defendants' tortious actions even if those expense have been paid by plaintiff's insurance." Armstrong, 670 F. Supp. at 394.

Pennsylvania's MVFRL generally precludes a plaintiff from recovering in an action for damages against a tortfeasor arising out of the use of a motor vehicle the amount of benefits paid or payable by a program, group contact, or other arrangement. 75 PA. CONS. STAT. ANN. § 1722. "This statutory abrogation of the common law collateral source rule is designed to prevent double recovery by accident victims." Armstrong, 670 F. Supp. at 394 (quoting O'Malley v. Vilsmeier Auctions Co., 986 F. Supp. 206, 308 (E.D. Pa. 1997) (internal quotation marks omitted)).

Here, plaintiff avers that her claimed medical bills are out-of-pocket expenses for co-pays and deductibles which were part of the coverage

9

agreement between her and her health insurance carriers.  Thus, by matter of contract, these expenses were neither "payable" nor "paid" by the health insurance carriers; rather, they were either paid by plaintiff out-of-pocket or remain unpaid.  See Smith, 587 F.2d at 1015 ("The rationale for the [collateral source] doctrine is that 'one can justify a double recovery where the original source was supplied by the plaintiff, himself, out of resources that would otherwise have been available to him for other purposes." Feeley v. United States, 337 F.2d 924, 928 (3d Cir. 1964)).  Plaintiff must prove these damages at the time of trial, and therefore, evidence of her unpaid excess medical bills is admissible.  As such, the court will deny the defendant's motion in limine on this issue.

**Conclusion**

Based upon the above reasoning, the court will deny the defendant's motions in limine.  An appropriate order follows.

Date: **December 8, 2016**          **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**